**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1967**

AUGUSTA THOMAS, JR.,

    Plaintiff - Appellant,

  v.

DELMARVA POWER & LIGHT COMPANY,

    Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge. (1:15-cv-00433-RDB)

Submitted: February 28, 2018         Decided: March 19, 2018

Before TRAXLER and KING, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Janice Williams-Jones, LAW OFFICE OF JANICE WILLIAMS-JONES, Ellicott City, Maryland, for Appellant. Susanne Harris Carnell, Christine M. Burke, LORENGER & CARNELL PLC, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Augusta Thomas, Jr., appeals the district court's order granting summary judgment to his employer, Delmarva Power & Light Co. ("Delmarva"), on his race and sex discrimination claims raised pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (2012), 42 U.S.C. § 1981 (2012), and the Maryland Fair Employment Practices Act ("FEPA"), Md. Code Ann., State Gov't § 20-606(a)(1)(i) (LexisNexis 2014). Finding no reversible error, we affirm the district court's order.

We "review[] de novo [a] district court's order granting summary judgment." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 565 n.1 (4th Cir. 2015). "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* at 568 (quoting Fed. R. Civ. P. 56(a)). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation marks omitted). In determining whether a genuine dispute of material fact exists, "we view the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party." *Id.* at 565 n.1 (internal quotation marks omitted). However, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013).

A plaintiff may establish a discrimination claim under Title VII through two avenues of proof.[1] *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 284 (4th Cir. 2004) (en banc), *abrogated on other grounds by Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013). First, a plaintiff can proceed under the mixed-motive framework, and "establish a claim of discrimination by demonstrating through direct or circumstantial evidence that . . . discrimination motivated the employer's adverse employment decision." *Id.* Second, a plaintiff may proceed under the *McDonnell Douglas*[2] pretext framework. *Id.* at 285. Thomas proceeded under both frameworks.

Under the mixed-motive framework, Thomas was required to forecast direct or circumstantial evidence that race or sex motivated, at least in part, the adverse employment action. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 317 (4th Cir. 2005). Because Thomas concedes he only has circumstantial evidence, the evidence must be "of sufficient probative force to reflect a genuine issue of material fact." *Jacobs*, 780 F.3d at 577 (internal quotation marks omitted). Such evidence includes "conduct or statements that both reflect directly the alleged discriminatory attitude and that bear

---

[1] Title VII and § 1981 claims are governed by the same standard, and Maryland courts look to federal law interpreting Title VII in applying the FEPA. *Love-Lane v. Martin*, 355 F.3d 766, 786 (4th Cir. 2004); *Hass v. Lockheed Martin Corp.*, 914 A.2d 735, 742 (Md. 2007).

[2] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

directly on the contested employment decision." *Id.* at 577-78 (internal quotation marks omitted).

We conclude that the district court correctly rejected Thomas' claim under the mixed-motive framework. While Thomas attempts to cast doubt on the propriety of the investigation and his immediate suspension, he does not dispute that the investigation revealed that six women had similar experiences involving Thomas making inappropriate comments to them. Although there may have been inconsistencies between what the investigators transcribed and what the women told them, such minor discrepancies do not demonstrate any racial or gender-based animus on the part of the victims. Thomas further failed to demonstrate that the two decisionmakers in this case acted on the basis of racial or gender animus.

To establish a prima facie case of discriminatory discipline, Thomas was required to show that: (1) he is a member of a protected class; "(2) the prohibited conduct in which [he] engaged was comparable in seriousness to misconduct of employees outside the protected class;" and (3) the disciplinary measures enforced against him were more severe than those enforced against other employees. *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 336 (4th Cir. 2011). In evaluating whether a plaintiff has successfully established a prima facie case of discriminatory discipline, a district court should "compare only discipline imposed for like offenses," while keeping in mind that "the comparison will never involve precisely the same set of work-related offenses occurring over the same period of time and under the same sets of circumstances." *Cook v. CSX Transp. Corp.*, 988 F.2d 507, 511 (4th Cir. 1993). "The similarity between comparators

4

and the seriousness of their respective offenses must be clearly established in order to be meaningful." *Lightner v. City of Wilmington*, 545 F.3d 260, 265 (4th Cir. 2008).

We conclude that Thomas failed to establish his prima facie case. While Thomas was not required to point to an exact comparator, he produced evidence of only one other employee, G.F., who was disciplined for sexually harassing a coworker. Although G.F. was only suspended for 10 days, G.F.'s discipline occurred more than a decade before Thomas'. Moreover, only one woman came forward alleging sexual harassment against G.F., whereas six women came forward with similar allegations against Thomas. Additionally, G.F.'s conduct was not directed at a customer, unlike some of Thomas' conduct. The other alleged comparators' conduct either does not compare to the gravity of Thomas' inappropriate conduct or does not involve inappropriate conduct directed at Delmarva customers. To the extent that Thomas attempts to rely on a toxic working environment at Delmarva to excuse his harassment, the fact that some men may have posted pictures of scantily clad women in the office does not compare to Thomas' conduct of repeatedly asking women on dates, asking about their relationship status, and cornering them until they responded to his unwanted advances.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5